## CLARK *v.* THE STATE.

The trial judge having, in his instructions to the jury, expressed an opinion upon evidence submitted to the jury, the refusal of a new trial upon the grounds complaining of such charge was error.

Submitted May 22,—Decided July 27, 1906.

Accusation of violating local option liquor law. Before Judge Clements. City court of Eastman. April 21, 1906.

*W. M. Morrison* for plaintiff in error.

*Charles W. Griffin, solicitor,* contra.

BECK, J. The defendant was tried upon an accusation charging him with a violation of the local option law of Dodge county. The sole witness for the State was one Kytle, the marshal of Chauncey, who testified, that he saw the defendant sell to a negro [naming him] twenty-five cents worth of whisky; that he was looking through a crack, and saw defendant give the purchaser the whisky, and the purchaser give to the defendant twenty-five cents; that he did not arrest the defendant until the 27th of February, which was ten days after the date of the sale." From the testimony of the witness and the statement of the defendant the jury would have been authorized to find that the feelings of the witness towards the accused were decidedly unfriendly; but the jury believed the evidence of the witness and found the defendant guilty. He made a motion for a new trial, which was overruled, and he excepted. Besides the usual and general grounds, there was one ground of the motion which assigned error upon the following portion of the judge's charge: "I further charge you, gentlemen of the jury, that if the evidence shows that some time had elapsed from the time of the alleged sale up to the time of the arrest, that would cut no figure in the case, and you are not to consider it. The sole question for [you] to consider is the guilt or innocence of the defendant under the evidence." This was excepted to on the ground that it was an expression of opinion by the judge upon the facts of the case, and that it had the effect "to withdraw from the jury evidence that was material to the defendant."

The exception seems to be well taken. While it might be true that if the guilt of the defendant were not in controversy, the period of time which elapsed from the date of the commission of the crime to the time of arrest would be immaterial, inasmuch as the question for the jury to pass upon was whether or not they would believe the sole witness for the State, who, according to his own testimony, saw the commission of the crime and waited ten days before arresting the accused, the motives which actuated him, and the state of his feelings towards the defendant, all being under consideration, it could not be held as a matter of law that the delay in making the arrest was wholly immaterial, and it was error ·for the judge to express an opinion upon that part of the evidence relating to the delay and to withdraw the evidence touching it from the consideration of the jury. And the error was of such a nature as to require the grant of a new trial.

*Judgment reversed.* *All the Justices concur, except Fish, C. J., absent.*